IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BERNARD BACA,

    Plaintiff,

v.                                                                                                         CIV No. 14-447 KG/SCY

BNSF RAILWAY COMPANY

    Defendant.

## **ORDER**

This matter is before me on Plaintiff's Amended Motion to modify the Court's Scheduling Order. *Doc. 35*. Plaintiff seeks to extend the Plaintiff's expert disclosure deadline in order to excuse his late disclosure of his liability expert, Dr. Houzenga. *Id.* at 1. Defendant opposes Plaintiff's motion on the basis that Plaintiff failed to timely designate Dr. Houzenga. *Doc. 41* at 1. For the reasons stated below, the Court grants Plaintiff's motion.

The facts are undisputed. The parties filed a Joint Status Report in which they agreed that December 15, 2014 would be Plaintiff's expert disclosure deadline. The Court slightly modified this date in its Scheduling Order, bumping it up to December 1, 2014. Plaintiff failed to note this change. *Doc. 42* at 2-3. Due to this error, all of Plaintiff's expert disclosures are untimely. Defendant is willing to forgive this failure for the experts Plaintiff had already disclosed in written discovery. *Doc. 41* at 1-2. Defendant contends, however, that because Plaintiff did not disclose the existence of Dr. Houzenga until December 12, 2014, and because Plaintiff has failed to demonstrate that this late disclosure was substantially justified or is harmless, as required by Fed. R. Civ. P. 37, Dr. Houzenga should be excluded. *Id.* at 2-3.

Plaintiff disagrees with Defendant's reliance on Rule 37 and argues that the appropriate standard for deciding whether to retroactively extend the expert disclosure deadline is Fed. R. Civ. P. 16's "good cause" standard. *Doc. 42* at 1. The Court need not resolve this dispute as both standards lead to the same conclusion. Plaintiff should be able to use Dr. Houzenga as his liability expert.

When deciding whether to strike the use of expert testimony due to late disclosure under Rule 37, the court considers whether the tardy disclosure was substantially justified or whether, in the alternative, it is harmless. Fed. R. Civ. P. 37(c). Similarly, when deciding whether there is good cause, under Rule 16, to retroactively modify a scheduling order to allow for the timely disclosure of a witness, a court may consider "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order." *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

Here, Defendant's position understandable; the only excuse Plaintiff has offered for missing the expert disclosure deadline is that Plaintiff's counsel failed to read the Court's order. Nevertheless, the Court agrees with Plaintiff that the deadline should be retroactively extended as Plaintiff's failure to note the change in discovery deadline was minor and Plaintiff rushed to make his disclosure as soon as possible once he became aware of his error. Moreover, discovery in this matter does not close until March 2, 2015, giving Defendant sufficient time to depose Dr. Houzenga and seek out a rebuttal witness.  Allowing Plaintiff to present this expert will not

result in the sort of "trial by ambush" that the Federal Rules of Civil Procedure are designed to prevent. *See Baumann v. American Family Mut. Ins. Co.*, 278 F.R.D. 614, 615 (D. Colo. 2012).

Disallowing Plaintiff's expert, by comparison, would contravene the Tenth Circuit's admonishment that district courts must guard against "inflexibility" in making pretrial case management decisions. In this regard, the Tenth Circuit has noted that the exclusion of evidence is an extreme sanction, which is disfavored. *Summers*, 132 F.3d at 604. Defendant has not set forth any convincing arguments for imposing such an extreme consequence for a relatively minor error. *See, e.g., Watt v. All Clear Business Solutions, LLC*, 840 F.Supp.2d 324, 327 (D.D.C. 2012) (allowing the addition of an expert witness after the close of discovery, even where the need for that expert had been clear prior to the close of discovery and the expert was not disclosed until after the close of discovery, because "it seems likely that the additional expert discovery as to [plaintiff's] future medical costs will lead to relevant evidence. . .and [defendant] will have a fair opportunity to meet the new evidence.").

The Court will, therefore, grant Plaintiff's Motion and modify the scheduling order to extend Plaintiff's expert disclosure deadline for all witnesses to December 15, 2014. Defendant will be permitted, should it so desire, to request a further modification of the scheduling order to accommodate any other discovery necessitated by this decision.

**IT IS SO ORDERED.**

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE