IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BERNARD BACA,

    Plaintiff,

v.                                                                                       CIV. No. 14-447 KG/SCY

BNSF RAILWAY COMPANY,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiff's Motion to Compel ("Motion"). *Doc. 63*. Having reviewed the Motion and accompanying briefing[1] and being fully advised, the Court grants Plaintiff's motion in part and denies it in part, as set forth below.

**I.    BACKGROUND AND GENERAL ANALYSIS**

On July 12, 2012, Plaintiff Bernard Baca, a former employee of Defendant BNSF, was working at the siding located in Cardenas, New Mexico, when he fell while walking between his train and a crew transport van. *Doc. 1* ¶¶ 5, 7. Plaintiff alleges that the injuries he suffered as a result of the fall are due to Defendant's negligence in, *inter alia*, maintaining the area where Plaintiff was required to walk. *Id.* ¶¶ 9-12. At issue in the instant motion are Plaintiff's Interrogatories 16-19 and Requests for Production 38-40 and 42-44, all propounded on January 14, 2015, relating to Defendant's maintenance of the area of the Cardenas siding where the incident occurred. Defendant objects to each of these discovery devices both on the grounds that they would be inadmissible under Federal Rule of Evidence 407 and because they are not reasonably calculated to lead to relevant evidence.

---

[1] Plaintiff did not file a reply brief regarding this issue.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The scope of discovery under Rule 26 is broad. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). Therefore, Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649–650 (D.N.M. 2007). That said, "all discovery is subject to the [proportionality] limitations imposed by Rule 26(b)(2)(c)." *Witt v. GC Services Limited Partnership*, -- F.R.D. --, 2014 WL 6910500 at *15 (D. Colo. 2014). Because Defendant objects to Plaintiff's discovery on the basis of relevance, it bears the burden of showing that Plaintiff's requests "(1) do[ ] not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) [are] of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006).

Defendant's relevancy argument primarily relies on the application of FRE 407. FRE 407 bars the admission of evidence of subsequent remedial measures for the purpose of proving culpability. *Specht v. Jensen*, 863 F.2d 700, 701 (10th Cir. 1988). Where a discovery request seeks to get at information that would only be relevant to one of the inadmissible purposes articulated by FRE 407, the Court may bar it. *See, e.g., Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 653 (N.D. Il. 1994) (discovery of evidence of a subsequent remedial measure correcting a patent infringement was barred where the plaintiff sought the evidence to show bad faith, and therefore, willful infringement of the patent, because the information sought only went

2

to culpable conduct, an inadmissible ground under FRE 407). It does not, however, prevent a party from discovering information about subsequent remedial measures for other purposes, for two reasons: first, evidence of subsequent remedial measures may be admissible at trial for other purposes, such as addressing feasibility of precautions; second, discovery about subsequent remedial measures may be reasonably calculated to lead to relevant evidence. *Wainwright v. Washington Metropolitan Area Transit Authority*, 163 F.R.D. 391, 396 (D.D.C. 1995)(discussing the admission of remedial measures under Rule 407); *Miner by and Through Miner v. Kendall*, No. 96-1126-MLB, 1996 WL 740566 at *1-2 (D. Kan. 1996)(collecting cases that explain that FRE 407 is a rule of admissibility at trial, not a discovery rule).

Plaintiff contends that he should be provided with all requested discovery because FRE 407 would not necessarily bar the evidence sought (although he does not specify under which exceptions such evidence would be admissible) and that Defendant's objection under FRE 407 should be raised in a motion in limine. Defendant argues that, while the condition of the Cardenas siding at the time of the accident is relevant, photographs both parties took within a few days of the accident provide adequate records of that condition. *Doc. 67* at 2. Work done to the Cardenas siding after the accident, it further contends, does nothing to show what the site looked like at the time of the accident. *See doc. 67* at 3, 7, 9. Finally, Defendant asserts that Plaintiff has provided no valid purpose to admit evidence of subsequent work done given its concession that it controlled the site at the time of the accident and that precautionary measures were feasible. *Doc. 67* at 4. The parties appear to agree that the major work Defendant performed on the Cardenas citing occurred in the summer and fall of 2014.

For the time period after this major work was completed, the Court agrees with Defendant: none of the information Plaintiff seeks is relevant or discoverable. The Court finds,

3

however, that much of the information Plaintiff seeks for the time period prior to the completion of this major work in the fall of 2014 must be provided. This information is reasonably calculated to lead to the discovery of admissible evidence because it could bear on the state of the Cardenas siding *at the time of the accident*.

Although photographs apparently exist to help document the state of the area at the time of the accident, these photographs may not tell the entire story. It is without dispute that grade, and other three dimensional aspects of the area that photographs may not accurately capture, are relevant to this lawsuit. Thus, testimony and documents that describe the state of the area before Defendant performed major work on it could supplement this photographic evidence. Presumably, those who decided that work on the area should be done, those who decided what work should be done, those who planned the work to be done, and those who did the work will all have knowledge of the state of the area prior to the work being completed. Documents and other information related to altering the area from its state at the time of the accident to its state after major work was performed could also reasonably lead to the discovery of admissible evidence. Given this determination, the Court addresses the specific interrogatories and requests for production as set forth below.

## II.    SPECIFIC DISCOVERY REQUESTS

### A.    Interrogatories 16, 17, and Request for Production 39

Plaintiff's Interrogatories 16 and 17 request information on when grading was performed on the Cardenas siding between the July 12, 2012 and the present, and when, and by whom, such grading was initially planned. Request for Production 39 seeks all documents responsive to Interrogatories 16 and 17. Defendant objects to each of these discovery requests on the basis of Federal Rule of Evidence ("FRE") 407 and relevance. *Doc. 67* at 6-7, 12-13.

The information Plaintiff seeks is reasonably calculated to lead to discoverable evidence about Defendant's negligence in maintaining the area where Plaintiff was injured. For example, Plaintiff seeks information about whether Defendant had planned any repair of the relevant area prior to Plaintiff's accident, an issue that goes directly to Defendant's Fifth Defense articulated in its Answer, that "BNSF states that BNSF did not have actual or constructive notice of knowledge of any alleged dangerous or unsafe condition." *Doc. 6* at 6. And, as stated above, the evidence sought could lead to information about the state of the area at the time of the accident. Further, Defendant has not argued that the production of this evidence would cause it any significant harm.

Defendant argues that the responses it has provided to Plaintiff's Interrogatories (citations to the depositions of two BNSF employees who discussed repairs made by Defendant) and its refusal to respond to Request for Production 39 are sufficient and appropriate. Plaintiff contends that Defendant should provide more specific answers regarding the "specific dates, or at the very least month and year the work was completed and for what purpose." *Doc. 63* at 6. Because the Court finds that Defendant has not shown that Plaintiff seeks only inadmissible or irrelevant evidence in Interrogatories 16 and 17 and Request for Production 39, it hereby orders Defendant to supplement its responses to Interrogatories 16 and 17, and respond to Request for Production 39 for the time period requested until work on the Cardenas siding was completed in the fall of 2014. If Defendant's responses already provided to Interrogatories 16 and 17 are the only information available for production, Defendant must certify this fact to Plaintiff in a written response to Plaintiff's propounded discovery.

### B. Interrogatory 18

Plaintiff's Interrogatory 18 asks that Defendant "[i]dentify all construction, changes, or modifications to the Cardenas siding and in particular the general area involved in this accident by providing the start and end date of the work, an explanation of why the work was performed, what work was actually performed, and the cost of the project." *Doc. 63* at 7.  Plaintiff represents that, since propounding the interrogatory, he has agreed to limit it to a time period beginning in 2006.  Defendant represents that it has agreed to provide documents reflecting maintenance and grading work for "five-years *prior* to Baca's alleged fall." *Id; Doc. 67* at 7 (emphasis in original). To the extent a dispute exists with regard to whether information should be provided going back to 2006 or July 12, 2007, the Court finds that Defendant must only provide information going back to July 12, 2007.

Defendant states that it has already provided Plaintiff with information about the five years prior to his injury, except for cost information, and therefore considers the dispute to relate primarily to projects after Plaintiff's injury and to the cost information. Defendant objects to providing the remaining information on FRE 407 and relevance grounds.

Plaintiff has not responded to Defendant's assertion that information about the cost of the repairs is irrelevant. Given Defendant's concession that work on the Cardenas siding was not cost prohibitive, and so feasibly repairable, and Plaintiff's lack of argument on the issue, the Court agrees that this information is not discoverable and denies Plaintiff's motion to compel as to these records.  For the reasons stated above, the Court also denies Plaintiff's motion with regard to information sought after Defendant completed major construction to the Cardenas siding in the fall of 2014.

In all other respects, however, the Court grants Plaintiff's motion to compel. Defendant's original answer to this Interrogatory about information sought prior to Plaintiff's accident is inadequate. *See doc. 63* at 7 ("BNSF states that sometime between 2006 and 2008, BNSF modified Cardenas siding. This included spreading fine ballast alongside the shoulder of [*sic*] track. BNSF regularly maintained the area."). Further, as to information sought after Plaintiff's accident, the Court finds that records or other data about how the Cardenas siding was changed provide information about the state of the Cardenas siding before the change. Defendant is ordered to supplement its response to Interrogatory 18, providing all the information Plaintiff has requested, except for cost information, beginning July 12, 2007 until construction work on the Cardenas siding was completed in the fall of 2014.

      **C.**     **Interrogatory 19 and Request for Production 40**

Plaintiff's Interrogatory 19 asks Defendant to "[i]dentify all contractors involved in the post-incident construction, changes, or modifications to the west end of Cardenas siding and in particular the general area involved in the incident." His Request for Production 40 seeks all documents used to respond to Interrogatory 19. Defendant objects to responding to these discovery devices on FRE 407 and relevance grounds.

As set forth above, those who worked on the Cardenas siding after Plaintiff's fall will have information related to the condition of the area prior to the construction. Thus, the information Plaintiff seeks is reasonably calculated to lead to the discovery of admissible evidence. With regard to Interrogatory 19 and Request for Production 40, the Court grants Plaintiff's motion as it concerns information in existence until the construction work on the Cardenas siding was completed in the fall of 2014.  The Court denies Plaintiff's motion to compel with regard to information in existence after this time.

### D. Requests for Production 38, 42, 43, and 44

Each of the remaining Requests cover documents such as engineering maps and drawings of the area, track inspection documents, documents about ground, roadbed, or ballast work, and other work records pertaining to the site of the incident. The Court finds that records responsive to these requests for production in existence prior to the completion of construction work on the Cardenas siding in the fall of 2014 could be relevant. For instance, a drawing of the area created after Plaintiff's fall, but before major construction work on the area, would bear on the condition of the area at the time of the fall. To the extent that Defendant seeks to withhold any of this information on the basis of privilege, Defendant shall produce a privilege log. FED. R. CIV. P. 26(b)(5)(A). All other responsive documents must be produced in accordance with Plaintiff's requests.

## III. COSTS

Upon resolution of motions to compel or for protective orders, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* FED. R. CIV. P. 26(c)(3); FED. R. CIV. P. 37(a)(5). Because the Court grants Plaintiff's motion in part and denies it in part, each side shall bear their own costs in connection with litigation concerning this motion.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's Motion is granted in part and denied in part. Defendant is ordered to supplement its discovery responses within thirty (30) days of the entry of this order.

**IT IS SO ORDERED.**

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE